**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0   Valuation of Security   0   Assumption of Executory Contract or Unexpired Lease   0   Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  Robert L. Franklin

Case No.: 17-21641

Judge: ABA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: 03/07/2018

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: BB     Initial Debtor: RF     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____2,880.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____04/01/2018_____ for approximately _____51_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| **Part 2:** | **Adequate Protection** ☒ **NONE** |
|---|---|

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| **Part 3:** | **Priority Claims (Including Administrative Expenses)** |
|---|---|

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,500.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| PNC | 204 E. Patcong Ave., Linwood NJ | $135,954.18 | 0 | $135,954.18 | $4,813.76 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

Ally Bank

| g. Secured Claims to be Paid in Full Through the Plan: ☒ **NONE** | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE**

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Wells Fargo (2nd mtg) | 204 E. Patcong Ave., Linwood, NJ | Second Mortgage | 204 E. Patcong Linwood, NJ | $380,000.00 | 0 | $444,520.81 | $71,996.56 |
| Wells Fargo (3rd mtg) | 204 E. Patcong Ave., Linwood, NJ | Third mortgage | 204 E. Patcong Linwood, NJ | $380,000.00 | 0 | $516,318.45 | $198,919.52 |
| M&T Bank | 204 E. Patcong Ave., Linwood, NJ | mortgage | 204 E. Patcong Linwood, NJ | $380,000.00 | 0 | $602,096.48 | $85,778.03 |

   b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☐ NONE**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Wells Fargo (2nd mtg) | 204 E. Patcong Linwood, NJ | 204 E. Patcong Ave., Linwood, NJ | $380,000.00 | $444,520.81 | 0 | $71,996.56 |
| Wells Fargo (3rd mtg) | 204 E. Patcong Linwood, NJ | 204 E. Patcong Ave., Linwood, NJ | $380,000.00 | $516,318.45 | 0 | $198,919.52 |
| M&T Bank | 204 E. Patcong, | 204 E. Patcong Ave. | $380,000.00 | $602,096.48 | 0 | $85,778.03 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority claims
3) Unsecured claims
4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification** ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____01/03/2018_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| M&T filed a proof of claim that was not addressed in the plan. | M&T's claim has been added to the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 03/07/2018                                    /s/ Bruno Bellucci, III
                                                    Attorney for the Debtor

Date: 03/07/2018                                    /s/ Robert L. Franklin
                                                    Debtor

Date: _____                       _____
                                                    Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 03/07/2018 /s/ Bruno Bellucci, III
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 03/07/2018 /s Robert L. Franklin
Debtor

Date: _____ _____
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Robert L. Franklin  
    Debtor

Case No. 17-21641-ABA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 2     Date Rcvd: Mar 09, 2018  
                    Form ID: pdf901     Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 11, 2018.

```
db              +Robert L. Franklin,    204 E. Patcong Ave.,    Linwood, NJ 08221-2261
aty             +McCabe, Weisberg & Conway, PC,    216 Haddon Avenue, Suite 303,    Westmont, NJ 08108-2811
lm               PNC Bank,    249 5th Avenue,    One PNC Plaza,    Pittsburgh, PA
516868918        Advanced Radiology Solutions,    79 NJ-37 #103,    Toms River, NJ 08755
516868919       +Ally Bank,    500 Woodward Ave,    Detroit, MI 48226-3416
516868920       +Atlantic Medical Imaging,    44 East Jimmie Leeds Road,    Absecon, NJ 08205-4470
516868921        Bayfront Emergency Physicians,    1 E New York Ave.,    Somers Point, NJ 08244
516868923       +Capital One Bank USA,    PO Box 30281,    Salt Lake City, UT 84130-0281
516868924       +Childrens Hospital of Philadelphia,    3401 Civic Center Blvd,    Philadelphia, PA 19104-4319
516868925       +Health Republic Insurance,    570 Broad St,    Newark, NJ 07102-4518
516868922       +Lawrence Motto d/b/a Brickscapes, LLC,    21 Cottage Rd.,    Egg Harbor Township, NJ 08234-5668
516868926       +McCabe, Weisberg & Conway PC,    216 Haddon Ave #201,    Collingswood, NJ 08108-2818
517013204       +PNC BANK, NATIONAL ASSOCIATION,    3232 Newmark Drive,    Miamisburg, OH 45342-5421
516868928        PNC Bank,    249 Fifth Ave.,    One PNC Plaza,    Pittsburgh, PA 15222
516868927       +Pace Orthopedics,    547 New Rd.,    Somers Point, NJ 08244-2038
516868930       +RMA of New York, LLP,    635 Madison Ave. 10th Fl.,    New York, NY 10022-1009
516868929       +Rickart Collection Systems, Inc.,    PO Box 7242,    North Brunswick, NJ 08902-7242
516868933       +STAT MRI, LLC,    1001 New Jersey Ave. # 1036,    Absecon, NJ 08201-8050
516868932       +Spine One,    1701 New Rd.,    Northfield, NJ 08225-1197
516868934       +Thomas Jefferson University,    130 South Ninth Street,    Philadelphia, PA 19107-5233
516868935       +Tricare Medical Transportation,    825 Noahs Rd.,    Pleasantville, NJ 08232-4227
516868936       +Wells Fargo,    PO Box 5169,    Sioux Falls, SD 57117-5169
516928915        Wells Fargo Bank, N.A.,    Default Document Processing,    N9286-01Y,    1000 Blue Gentian Road,
                  Eagan, MN 55121-7700
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Mar 10 2018 00:04:24     U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Mar 10 2018 00:04:20     United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
516902459        E-mail/Text: ally@ebn.phinsolutions.com Mar 10 2018 00:03:42     Ally Financial,
                  PO Box 130424,    Roseville MN 55113-0004
517106111        E-mail/Text: camanagement@mtb.com Mar 10 2018 00:04:10     M&T Bank,    P.O. Box 840,
                  Buffalo, NY 14240-0840
517102544        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 10 2018 00:21:20
                  Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                  Norfolk VA 23541
516868931       +E-mail/Text: jboehler@shorememorial.org Mar 10 2018 00:05:32     Shore Medical Center,
                  100 Medical Center Way,    Somers Point, NJ 08244-2300
                                                                                              TOTAL: 6
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517375916        M&T Bank PO Box 840 Buffalo, NY 14240
cr*              Ally Financial,    P.O. Box 130424,    Roseville, MN  55113-0004
                                                                                  TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 11, 2018                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0312-1          User: admin                Page 2 of 2                  Date Rcvd: Mar 09, 2018
                              Form ID: pdf901            Total Noticed: 29
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 7, 2018 at the address(es) listed below:

```
          Bruno  Bellucci, III   on behalf of Debtor Robert L. Franklin jkearney@belluccilaw.net,
           bbellucci@belluccilaw.net,lcanizzaro@belluccilaw.net,kpalermo@belluccilaw.net,
           ddillhoff@belluccilaw.net
          Denise E. Carlon    on behalf of Creditor    M&T BANK dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of U.S. Trustee    U.S. Trustee ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          John R. Morton, Jr.    on behalf of Creditor    Ally Financial ecfmail@mortoncraig.com,
           mortoncraigecf@gmail.com
          R. A. Lebron    on behalf of Creditor     PNC BANK, NATIONAL ASSOCIATION bankruptcy@feinsuch.com
          R. A. Lebron    on behalf of Creditor     PNC BANK, NATIONAL ASSOCIATION, as servicer for
           MANUFACTURERS AND TRADERS TRUST COMPANY, A/K/A M&T BANK, SUCCESSOR BY MERGER WITH HUDSON CITY
           SAVINGS BANK bankruptcy@feinsuch.com
          Rebecca Ann Solarz    on behalf of Creditor    M&T BANK rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William E. Craig    on behalf of Creditor    Ally Financial mortoncraigecf@gmail.com,
           mortoncraigecf@gmail.com
                                                                                               TOTAL: 11
```